UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER LUMPKIN, <br><br> Plaintiff, <br><br> v. <br><br> D. SHARPE, et al., <br><br> Defendants. | No. 2:17-cv-1549 TLN CKD P <br><br> FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California prisoner proceeding pro se with claims arising under 42 U.S.C. §1983 and the Eighth Amendment for excessive force. Defendants Sharpe and Cooper are Correctional Officers employed at by the California Department of Corrections and Rehabilitation (CDCR) at High Desert State Prison. Their motion for summary judgment is before the court.

I. Plaintiff's Allegations

In his complaint, which is signed under the penalty of perjury, plaintiff alleges as follows:

1. On the morning of August 9, 2016, plaintiff had an appointment with a nurse at High Desert. While walking to the meeting place, plaintiff was informed by defendant Sharpe that plaintiff had stepped "out of bounds." Plaintiff responded that he was not aware he had stepped "out of bounds." Sharpe then said, "next time, watch your fucking foot," to which plaintiff responded, "I am not a dog, you don't have to talk to me that way, I was not paying attention to the out of bounds line."

1

2. At that point, Sharpe grabbed plaintiff by his shirt and "violently" pushed plaintiff against a wall. Sharpe told plaintiff to put his hands behind his head and interlock his fingers. Plaintiff complied. Sharpe then "violently" kicked plaintiff's legs apart. Plaintiff told Sharpe this was not necessary and that he would be filing a "citizen's complaint."

3. Then, defendant Sharpe cuffed plaintiff's hands together behind plaintiff's head and, "violently" grabbed plaintiff by his shirt and spun him around. Sharpe told plaintiff he would take him to a patio to discuss plaintiff filing a complaint. At some point, Sharpe bent plaintiff's body forward while plaintiff's hands were cuffed behind his head.

4. Defendant Cooper approached and asked, "what's up with this asshole." Sharpe responded, "we have an asshole who likes to file complaints on officers. We are going to the patio." At some point, Cooper and Sharpe bent plaintiff's body forward a second time.

5. Plaintiff then asked to speak to a sergeant and informed the officers that he would file a complaint if anything happened to him.

6. As plaintiff was led through the door to the patio, Sharpe grabbed one of plaintiff's legs, Cooper grabbed the other, they raised plaintiff in the air and then slammed him to the concrete pavement below. Plaintiff was knocked unconscious.

7. Plaintiff asserts he suffered a fractured jaw, torn shoulder ligaments, and cuts and scrapes to his face as a result of defendants' actions.

II. <u>Exhaustion of Administrative Remedies</u>

Defendants argue that they are entitled to summary judgment because there is no genuine issue of material fact as to whether plaintiff exhausted available administrative remedies prior to filing suit with respect to his claims against defendants Sharpe and Cooper. Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." Administrative procedures generally are exhausted with respect to the California prisoner grievance process once the third level of review is complete. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation (CDCR). Cal. Code Regs. tit. 15, § 3084.7.

The exhaustion requirement demands "proper" exhaustion. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006). In order to "properly exhaust" administrative remedies a prisoner generally must comply with the prison's procedural rules throughout the administrative process. Jones v. Bock, 218 U.S. 199, 218 (2006).

If undisputed evidence viewed in the light most favorable to the prisoner / plaintiff shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). If there is at least a genuine issue of material fact as to whether there was exhaustion, the motion for summary judgment must be denied. See Fed. R. Civ P. 56(a).

Defendants point to evidence indicating that on August 15, 2016, plaintiff submitted a grievance including allegations which resemble the allegations in plaintiff's complaint against defendant Sharpe. ECF No. 24-7 at 8. The evidence also indicates plaintiff submitted the grievance to the third level on November 6, 2016. Id. at 9. On January 3, 2017, plaintiff was notified that his appeal was rejected because plaintiff did not submit, with his third level submission, California Department of Corrections and Rehabilitation Form 1858: "Rights and Responsibility Statement." Id. at 7. Plaintiff was advised he "should the take corrective action necessary and resubmit the appeal within the timeframes specified in [California Code of Regulations] 3084.6(a) and . . . 3084.8(b)." The evidence presented by defendants indicates plaintiff never re-submitted his grievance and, therefore, that plaintiff did not "properly" exhaust administrative remedies.

At his deposition, plaintiff asserted that he did re-submit his grievance to the third level in either "October or September" by giving it to an unidentified correctional officer at Hight Desert. Plaintiff never received a response to his re-submission. Dep. Tr. at 54-55. When asked if he ever inquired of the third level regarding the processing of his re-submitted grievance, plaintiff indicated that he did not. Id. at 55.

There are three major problems with plaintiff's deposition testimony. First, his grievance was rejected in January 2017, so it is not possible that the grievance was resubmitted in "October or September" of 2016. Also, under 15 Cal. Code Regs. § 3084.8, plaintiff's re-submission

would have been due 30 days after the rejection; if plaintiff submitted in "October or September" of 2017, it would not have been timely.

Second, as indicated above, plaintiff asserts he resubmitted his grievance by giving it to an unidentified correctional officer at High Desert. However, at the beginning of his deposition plaintiff indicated that he was transferred to the California Medical Facility (CMF) in Vacaville in either December 2016, or January 2017, Dep. Tr. at 9-10, and the notice of rejection with respect to plaintiff's original third level submission was sent to plaintiff at CMF on January 3, 2017. ECF No. 24-7 at 7.

Finally, even if the court found that there is evidence plaintiff resubmitted his grievance in a timely fashion, plaintiff has not shown that the third level of review's failure to render a decision on the resubmission rendered what was left of the grievance process "effectively unavailable" to plaintiff. See Albino, 747 F.3d at 1172. Nothing before the court suggests that if plaintiff, at some point shortly after the 60-working-day time limit for the third level to respond to the resubmission expired (15 Cal. Code Regs. § 3084.8), inquired why his resubmission had not been addressed and presented evidence indicating the grievance was timely-submitted, the third level would not have issued a decision on the re-submission.

Because plaintiff did not submit any grievance regarding the actions of defendant Cooper and because there is no genuine issue of material fact as to whether plaintiff "properly" exhausted administrative remedies with respect to any claim he might have against defendant Sharpe, defendants are entitled to summary judgment.

III. Heck

Defendants point to evidence indicating plaintiff pled guilty to felony battery for kicking defendant Sharpe during the events occurring on the morning of August 9, 2016, and argue that any claim plaintiff may have for excessive force during those same events is precluded under Heck v. Humphry, 512 U.S. 477, 487 (1994).[1] Under Heck a plaintiff cannot proceed on a §1983

---

[1] Per defendants' request (ECF No. 25), the court judicially notices, pursuant to Rule 201 of the Federal Rules of Evidence, that "on July 13, 2017, [plaintiff] was found guilty of the offense of battery on a non-confined person in violation of California Penal Code section 4501.5, and sentenced to a term of two years imprisonment consecutive to his existing terms. . ." See ECF

claim if success on the claim would imply the invalidity of a criminal conviction. Id. at 487. In this instance, it is at least possible that defendants could have used excessive force against plaintiff in violation of the Eighth Amendment by slamming plaintiff to the ground even if, at some point, plaintiff committed battery against Sharpe by kicking him. Accordingly, the Heck bar does not apply.

In accordance with the above, IT IS HEREBY RECOMMENDED that

1. Defendants' motion for summary judgment (ECF No. 24) be granted; and
2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 16, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

lump1549.msj

---

No. 24-5 at 25.

5